UNITED STATES DISTRICT COURT

FOR THE

DISTIRCT OF RHODE ISLAND

ANTONIO CERDA SOSA, ß

Petitioner, ß

-V- ß

UNITED STATES OF AMERICA, ß

Respondent. ß

ß

Case no. CR-97-00020 (RRL)

**MOTION FOR DOWNWARD DEPARTURE PURSUANT TO 18 U.S.C. section 3582 (c)(2).**

---

**MOTION FOR DOWNWARD DEPARTURE**

**PURSUANT TO 18 U.S.C. section 3582(c)(2).**

Comes now Antonio Cerda Sosa, petitioner here-in-after and moves this Honorable Court pursuant to 18 U.S.C. section 3582(c)(2), for a doward departure of two levels of his sentence, based on the following, petitioner is proceeding pro-se, in forma pauperis;

**JURISDICTION AND VENUE**

The Honorable Court has jurisdiction of the above named matter as the Court imposed sentence and according to the retroactive crack-amendment, of November 1, 2007, to take effect on March 3, 2008, the USSG section 1B1.10(a), the Honorable Court has subject matter jurisdiction.

**BACKGROUND**

Petitioner was sentenced on December 13, 1997, by the Honor-

able Court, Judge Ronald R. Lagueux imposed sentence, to a term of 168 months for violation of 21 841 (A)(1) & (B)(1)(A), under level 34, Criminal History Category II, based on USSG section 2D1.1(c). In light of the United States Sentencing Commission making the new sentencing Guidelines for crak-cocaine offenses retro-active, petitioner is entitled and eligible for a two (2) level reduction pursuant to USSG section 2D1.1 (a)(3)(C).

**FACTS**

Petitioner is entitled and or elogible for a reduction, departure, of two (2) levels based on section 2D1.1(c) of the Guidelines range under the proposed amendment which states;

1. "Crack Amendment: The Amendment reduces crack penalties by two (2) levels, under section 2D1.1(c). If a judge has been opposed to vary from the crack Guidelines, there is now at least authority to knock off (2) two points, levels, that the Commission acknowledges should go. As stated in the USSC's press release, the rationale for two (2) points, levels, higher than was necessary to reach the mandatory minimum level for a first offender with no other adjustment. See http://www.gov /PRESS.rel10407.htm."

2. USSG section 1B1.10(a) states in part;

"Where a defendant is serving a term of imprisonment, and the Guidelines range applicable to that defendant has subsequently been lowered as a result of an amendment to the Guidelines manual listed in subsection (c) belew, a reduction in the defendant's term of imprisonment is authorized under title 18 U.S.C. section 3582(c)(2).

3. In petitioner's case, a base offens elevel specified in the Drug Quantity Table section 2D1.1(c)(4), was set and after all litigating factors were considered the Adjusted Total Offense Level came up to 34. The base offense level applied in this case was derived from the same proposed amendment section 2D1.1(c).

Therefore, petitioner is eligible for a (2) two points, level, reduction.

This will reduce petitioner's base offense level to 32. Petitioner's current sentence is 168 months, which was the sentence based on level 34. For an adjusted level of 32, with a Criminal History Category of II, the Guideline range is 135 to 168 months.

Petitioner has been incarcerated a total of 132 months, and his projected release date is April 2, 2009, via good conduct time, but base under the retro-active crack-cocaine amendment, which petitioner is eligible and entitled, he should receive a two (2) points, levels, reduction, which then places him at level 32, and accordingly to the sentence previously imposed, he should be sentenced to at least the bottom of the Guideline range, which is 135 months.

Additionally, petitioner would like the Honroable COurt to consider,under 18 U.S.C. section 3553(a), his rehabilitation process since his incarceration. Petitoner has numerous educational certificates, which he has attached copies of, exhibit A, (inmate educational data transcripts), his conduct has been impeccable, (see attached program review report, exhibit B), and unfortunately, petitioner has a heart problem, trouble, (see attached FCI Fort Dix, New Jersey medical health form, exhibit C). The Court should consider petitioner's age at the time of the offense and other factors that were not considered atb the time of sentencing, such as family ties, family responsibility, work history and accomplishments before and after sentencing.

Petitioner also presents to the Honorable Court, for consideration; that he is not an attorney and does not have legal or professional background pertaining to drafting or filing a complaint. Petitioner prays that the Court would liberally construe his compalint in light of the Supreme Court ruling Haines -V- Kerner, 404 U.S. 519, 30 L. Ed 2d 652 (1972); Cruz -V- Beto, 405 U.S. 319 (1972).

As squarely stated by the Second Circuit Court of Appeals, in Soto -V- Walker, 441 F. 3d 169 (2nd Circuit 1995, pro-se motions must be liberally construe and interpreted to raise the strongest arguments that they suggest." (Id. at 173).

## CONCLUSION

**WHEREFORE**, petitioner prays and request that the Honorable Court grant his request for a downward departure of his sentence based on the foregoing facts pursuant to 18 U.S.C. section 3582(c)(2), 18 U.S.C. section 3552(a) and section 2D1.1(a)(3)(C), or as the Court deems just and proper.

Respectfully submitted,

Dated this 31st day of December, 2007.

Antonio Cerda Sosa
Reg. no. 04405-070
555 I-Cornell Drive
Philipsburg, PA 16866

Under penalty of perjury, "I declare, under 28 USC section 1746, that the foregoing is true and correct to the best of my ability."

## CERTIFICATE OF SERVICE

I have this 31st day of December, 2007, placed at the Moshannon Valley Correctional Center mailbox, a true and correct copy of the foregoing, Motion for Departure, addressed to the U.S. Attorney, whose address is Fleet Center, 8th floor, 50 Kennedy Plaza PRovidence, RI 02903, postage prepaid, first class mail.

**AFFIDAVIT OF ANTONIO CERDA SOSA**

**I, ANTONIO CERDA SOSA**, ATTEST THAT I have not had an incident report since my arrival at Moshannon Valley Correctional Center. I have enrolled and completed educational programs so that upon my release from incarceration and my return to freedom I can be a better person and contribute to society, be a better educated and productive member of society, be able to help in the education of my children and other human beings.

I further attest that I have learned a very hard lesson in life and would like to assist others by relating my experience and contributing my story for others n ot to follow in my foot steps. I can assure any person that I have rehabilitated since my incarceration years ago. I have become a more understanding, responsible, considerate, loving, experience, humble, have matured and most important, have realized the mistake that I had made in my life, which I am truly soory and remorseful. Today I can say; "I have learned many things in life. I have surely and certainly rehabilitated."

Sincerely,

Antonio Cerda Sosa

Antonio Cerda Sosa

Under penalty of perjury, under 28USC section 1746, "I Declare that the foregoing, Motion for Downward Departure, is true and correct to the best of my ability."

Ann M. Butler

Notary's Signature

COMMONWEALTH OF PENNSYLVANIA
Notarial Seal
Ann M. Butler, Notary Public
Clearfield Boro, Clearfield County
My Commission Expires Apr. 26, 2009
Member, Pennsylvania Association of Notaries

Ann M. Butler

Printed Name of Notary

Seal of Notary Public

4/26/2009

Commission Expires on