IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | CR. No. 97-020L |
| | : | |
| ANTONIO CERDA-SOSA | : | |

GOVERNMENT'S RESPONSE TO DEFENDANT'S
MOTION FOR SENTENCE REDUCTION PURSUANT
TO 18 U.S.C. § 3582(c)(2) AND U.S.S.G. §§ 1B1.10, 2D1.1

The defendant, Antonio Cerda-Sosa, has moved for a reduction in his sentence pursuant to 18 U.S.C. § 3582(c)(2) and U.S.S.G. §§ 1 B1.10 and 2D1.1. Cerda-Sosa's motion is grounded upon a 2007 amendment to the United States Sentencing Guidelines which generally reduced by two levels the offense levels found in U.S.S.G. § 2D1.1 for crack cocaine.

On March 5, 1997, a federal grand jury returned a three count indictment against Cerda-Sosa, charging him with one count of conspiracy to distribute heroin and cocaine, in violation of 21 U.S.C. § 846, one count of possession with intent to distribute heroin, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)©, and one count of possession with intent to distribute cocaine, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(A). Cerda-Sosa entered guilty pleas to all three counts of the indictment on May 9, 1997. His sentencing guidelines calculation

was set at Offense Level 34, Criminal History Category II.[1] The sentencing range was 168 to 210 months imprisonment. He was sentenced on December 3, 1997 to the bottom of the range - 168 months imprisonment - and five years supervised release. At present, his projected release date by the Bureau of Prisons is April 2, 2009.

Cerda-Sosa claims that with a two-level downward adjustment under the crack cocaine amendments, his sentencing range is 135 to 168 months imprisonment. The government takes issue with these calculations and contends that even under the crack cocaine amendments, Cerda-Sosa's offense level remains at thirty-four with a sentencing range of 168 to 210 months imprisonment.

Section 3582(c)(2) of Title 18 states:

> [I]n the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

Effective November 1, 2007, U.S.S.G. § 2D1.1 was amended.

---

[1] Under the Presentence Investigation Report, Cerda-Sosa was responsible for 135.75 grams of crack cocaine, 314.43 grams of powder cocaine and 52.52 grams of heroin. His base offense level was thirty-two. Cerda-Sosa received an adjustment for obstruction of justice (plus two levels), which resulted in a total offense level of thirty-four.

The amendments generally reflect a two-level decrease from the earlier guidelines for cases involving quantities of crack cocaine. The amendments were designated as Appendix C, Amendments 706 and 711. The amendments were made retroactive under U.S.S.G. § 1B1.10. They are effective March 3, 2008. Section 1B1.10 states, in part:

> (a) Where a defendant is serving a term of imprisonment, and the guideline range applicable to that defendant has subsequently been lowered as a result of an amendment to the Guidelines Manual in subsection © below, a reduction in the defendant's term of imprisonment is authorized under 18 U.S.C. § 3582(c)(2). If none of the amendments listed in subsection © is applicable, a reduction in the defendant's term of imprisonment under 18 U.S.C. 3582(c)(2) is not consistent with this policy statement and thus is not authorized.
>
> (b) In determining whether, and to what extent, a reduction in the term of imprisonment is warranted for a defendant eligible for consideration under 18 U.S.C. § 3582(c)(2), the court should consider the term of imprisonment that it would have imposed had the amendment(s) to the guidelines listed in subsection (c) been in effect at the time the defendant was sentenced, except that in no event may the reduced term of imprisonment be less than the term of imprisonment the defendant has already served.

Amendments designated as 706 and 711 of Appendix C are covered amendments under U.S.S.G. § 1B1.10.

Under U.S.S.G. § 2D1.1, as amended, certain steps apply for determining the base offense level in offenses involving crack cocaine and one or more other controlled substances. First, the base offense level for the quantity of cocaine base involved in the offense is determined. Second, using a marijuana equivalency table, the quantity of cocaine base involved in the offense is

converted to a quantity of marijuana. Third, the marijuana equivalency for the other controlled substances is determined. Fourth, the marijuana equivalency for the cocaine base and the marijuana equivalency for the other controlled substances are added together. Under the Drug Quantity Table in § 2D1.1, this total amount of marijuana provides the combined base offense level. See, U.S.S.G. § 2D1.1 comment. n.10(D).

These calculations as applied to Cerda-Sosa are as follows:

1) The Drug Equivalency Table assigns a base offense level of 30 for 135.75 grams of cocaine base. U.S.S.G. § 2D1.1(c)(5).

2) Under the Marijuana Equivalency Table found at Note 10(D) of § 2D1.1, for a base offense level of 30, each gram of cocaine base is converted to 14 kilograms of marijuana. The conversion of 135.75 grams of cocaine base to marijuana results in 1900.5 kilograms of marijuana.

3) Heroin in the amount of 52.52 grams converts to an amount of marijuana equivalent to 52.52 kilograms. See, U.S.S.G. § 2D1.1 comment. n.10(E).

4) Powder cocaine in the amount of 314.43 grams converts to an amount of marijuana equivalent to 62.88 kilograms. See, U.S.S.G. § 2D1.1 comment. n.10(E).

4) The total amount of marijuana equivalency is 2015.9 kilograms. Under the Drug Quantity Table of § 2D1.1(c)(4), 2015.9 kilograms of marijuana has a base offense level of 32.

Taking into account the original upward adjustment of two levels for obstruction of justice, Cerda-Sosa's total offense level remains at level thirty-four as calculated under the amendments.

Where application of the pertinent amendment does not result in a different sentencing range, no reduction of sentence may occur. See, e.g., United States v. Gonzalez-Balderas, 105 F.3d 981, 984 (5th Cir. 1997) (although a retroactive amendment reduced the defendant's offense level, the new level still required the sentence of life imprisonment which was imposed, and the district court properly denied the motion summarily); United States v. Allison, 63 F.3d 350, 352-54 (5th Cir. 1995) (motion properly denied where the sentence would not be different under new guideline); United States v. Townsend, 98 F.3d 510, 513 (9th Cir. 1996) (although a retroactive amendment to the career offender guideline changed the definition of a statutory maximum, the amendment did not benefit the defendant given that the maximum penalty for his offense, bank robbery, was the same under either definition, and thus the guideline range was the same); United States v. Young, 247 F.3d 1247, 1251-53 (D.C. Cir. 2001) (district court properly denied motion where the sentence was actually based on considerations not affected by the retroactive guideline amendment).

As Cerda-Sosa's sentencing range has not been lowered under the amendments as applied, his motion should be denied.

Cerda-Sosa's request that in support of a further reduction of sentence this Court should take the factors set forth in 18 U.S.C. § 3553(a) into account should likewise be denied. The Court's authority to act upon Cerda-Sosa's motion is based entirely on the power conferred upon the Court by 18 U.S.C. § 3582(c)(2). Because Cerda-Sosa's sentencing range has not been lowered under the crack cocaine amendments, he derives no benefit from the action of the Sentencing Commission. Section 3582(c)(2) does not permit the Court to re-visit a defendant's sentencing in the absence of a "sentencing range that has subsequently been lowered by the Sentencing Commission."

WHEREFORE, the government requests that this Court deny the defendant's motion.

Respectfully submitted,

ROBERT CLARK CORRENTE
UNITED STATES ATTORNEY

/s/ Stephen G. Dambruch
Stephen G. Dambruch
Assistant U. S. Attorney
U. S. Attorney's Office
50 Kennedy Plaza, 8th Floor
Providence, RI 02903
401-709-5049
401-709-5001 (fax)
stephen.dambruch@usdoj.gov
Bar # 3309

**CERTIFICATION**

I hereby certify that on the 28th day of February, 2008, I mailed a copy of the within Government's Response To Defendant's Motion For Sentence Reduction Pursuant to 18 U.S.C. § 3582(c)(2) and U.S.S.G. §§ 1B1.10, 2D1.1, to:

Antonio Cerda-Sosa
Reg. No. 04405-070
555 I-Cornell Drive
Philipsburg, PA 16866

Respectfully submitted,

ROBERT CLARK CORRENTE
UNITED STATES ATTORNEY

/s/ Stephen G. Dambruch
Stephen G. Dambruch
Assistant U. S. Attorney
U. S. Attorney's Office
50 Kennedy Plaza, 8th Floor
Providence, RI 02903
401-709-5049
401-709-5001 (fax)
stephen.dambruch@usdoj.gov
Bar # 3309