IN THE
UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

ANTONIO CERDA SOSA,
Petitioner,

-VS-

CASE NO: CR 95 00020
CR. NO. 97-020L

UNITED STATES OF AMERICA,
Respondent,
_______________________________________/

**REPLY TO GOVERNMENT RESPONSE PER PETITIONER'S**
**<u>MOTION FOR MODIFICATION OF SENTENCE</u>**
**<u>PURSUANT TO U.S.C. § 3582(C)(2)</u>**

**Now comes,** the petitioner Antonio Cerda-sosa acting pro se (here-
inafter
inafter "petitioner") file this reply to government response per petitioner's motion for sentence reduction pursuant to 18 U.S.C § 3582(c)(2) and U.S.S.G § 1B1.10, and 2D1.1.

Petitioner moves to reduce his sentence because of an Amendment to the federal sentencing guidelines and respectfully request this honorable court to vacate its subsequent judgment and any and all orders in regards to the instant case, and re-sentence him.

Petitioner submits that the honorable court did have Jurisdiction under 18 U.S.C.S. § 3582, which specifically allow district court to modify sentence of imprisonment that had already been entered because sentencing commission had reduced sentencing range for crime of which petitioner had been convicted.

Petitioner also submits that 18 U.S.C.S. § 3582(c)(2) motion is not second opportunity to present mitigating factors to sentencing judge, nor is it challenge to appropriateness for original sentence, but rather, it is simply vehicle through which appropriately sentenced prisoners can urge court to exercise leniency to give certain defendants benefits of Amendment to guidelines, United States v. Whitebird, 55 F.3d 1007 (1995,CAS MISS).

Petitioner in the case is seeking for leniency and pray that the court will show mercy and grant him benefits of Amendment to guidelines.

In light of the United States Sentencing Commission recent decision, unanimously voted on November 1, 2007 that a new rules apply for determining the base offense level in crack cocaine cases under § 2D1.1 of advisory guidelines. Thus, on December 11, 2007, same United States Sentencing Commission voted unanimously to apply (the recent) Amendment retroactively for crack cocaine offenses effective date for retroactivity set for March 3, 2008. Therefore petitioner moves the court to modify his sentence.

PETITIONER'S MOTION SATISFIES THE APPLICABLE
18 U.S.C.S § 3582(c)(2) THRESHOLD REQUIREMENT

The section in 18 U.S.C.S. § 3582(C)(2) - Provides that in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered . . . the court may reduce the term of imprisonment, after considering the factors set forth in section § 3553(a) to the extent that they are applicable policy statemeents issued by the sentencing commission.

18 U.S.C. § 3582(c)(2) motion applies only to guidelines Amendments that operate retroactively, as listed in the policy statement U.S.S.G. § 1B1.10(d). United States v. Miller,903 F.2d 341, 349 (5th cir. 1990), Amendment to § 2D1.1(C) regarding the calculation of the quantity of LSD (Amendment 488) is one of the guideline Amendments that operates retroactively according to that policy statement § 1B1.1(d).

In the petitioner' case the court enhanced the petitioners'' sentence per the old method of drug quantity table in § 2D1.1 for crack cocaine to the sentencing guidelines. This court's judgment has been overruled by the recent Amendment to the federal sentencing guidelines reduces penalties for crack cocaine offenses. Petitioners' sentence can only be based on the United States Sentencing Commission new rules apply for determining the base offense levelin crack cocaine cases under § 2D1.1 of advisory guidelines.

The sentencing commission Amend the drug quantity table in § 2D1.1 so that crack cocaine quantities triggering the five and ten year mandatory minimum are assigned base offense levels, two levels lower than before. The base offense levels for these quantities now correspond

to guideline ranges that include - rather than exceed - the mandatory minimum.

The sentencing commission similarly adjusted the drug threshold quantity above, between, and below the mandatory minimum thresholds, with the net result being that for crack offenses, base offense levels across the board are two levels lower than they would have been before the Amendment. See 72 Fed. Reg. 28, 558, 28, 571-73; U.S.S.G. App.C, Supp. Amend. 706; U.S.S.G § 2D1.1 (2007).

For instant under the former guideline, at least 5 grams but less than 20 grams of crack was assigned a base offense level of 26 anda maximum guideline range of 63 to 78 months, which exceeded the mandatory minimum of five years by at least three months. Now under the new method, the Amended § 2D1.1, the same quantity of crack is assigned to base offense level 24, which corresponds to a minimum advisory guideline range 51 to 63 months that includes the mandatory minimum likewise, the base offense level assigned to at least 50 grams but less than 150 grams of crack has been adjusted downward to offense level 30, which corresponds to maximum advisory guideline range of 97 to 121 months. The remaining quantities above, between, and below, these quantities have been similarly adjusted downward.

The petitioner in this case submits that he is entitled to benefit of the sentencing commission amend drug quantity table in § 2D1.1, under the new method, in that, the petitioner's base offense level assigned to 32 has been adjusted to offense level 30.

**REASONS WHY PETITIONER'S MOTION SHOULD BE GRANTED AND THE RELIEF SOUGHT**

Petitioner was sentenced under the sentencing table, the guideline provision based on a total offense level 34 and criminal history category II, the guideline range for imprisonment that was 168 to 210 months. Under the New method, base offense levels across the are two levels lower than they would have been before Amendment. Petitioner's total offense level of 34 is now lowered by two levels, the net result of 32 and a criminal history category II, which corresponds to minimum advisory guideline range of 135 to 168.

First, pursuant to § 2D1.1, under the formaer method, petitioner is accountable for total amount of marijuana equivalency of 2015.9 kilograms, base offense level of thirty two (32). The same quantity under the New Method is assigned base offense level of 30. Therefore, petitioner's base of offense level under the new method should be assigned 30 because he was responsible for total amount of marijuana equivalency (under drug quantity table) is 2015.9 kilograms.

Second, considering under the new amended § 2D1.1, the 2015.9 kilograms base offense level is 30, the adjustment for obstruction of justice, the offense is increased by two levels, therefore, the total offense level is 32. Thus, the guidelines provision based on a total offense level 32 and a criminal history category of II, the guideline range for imprisonment is 135 to 168. Apparently, petitioner's sentence under the new method should be 135 months

Third, petitioner's sentence should be granted because the sentence would be different under the new method, if the court adopt

in toto the modus oparandi where petitioner was sentenced at the lower bottom of the sentencing guideline range. Under the method the bottom of the guideline range is 135 months.

Under the new method, petitioner's guidelines range of 168 to 210 is void, or or it is no longer equitable that the judgment should have prospective application. Plainly, the United States Sentencing Commission adjusted the drug threshold quantity above, between, and below the mandatory minimum thresholds, with the net result being that for drug offenses, base offense levels across the board are two levels lower than they would have been before the Amendment.

Four, the petitioner herein, sought that his sentence be reduced to 135 months in light of the Amendment to United States Sentencing guidelines manual § 2D1.1, which modified the procedure for calculating the quantity to be used in establishing base offense levels.

Five, considering the public safety in this case. Petitioner is an alien, not United States citizen, he is deportableand has remain in Federal Bureau of Prison since Mach 5, 1997, with the best of conduct and character. Petitioner's character and behavior is exemplary, no violation of Bureau's rules and regulations. Petitioner submits that he is entitled to the benefit of the commission Amended drug quantity table and seek for leniency and mercy from court.

## CONCLUSION

**Wherefore, for the foregoing reasons, the court should recall** its mandate in this case, modify petitioner's sentence with instruct-

ion consistent with Amendment guidelines of November 1, 2007, made or apply retroactive (Mach 3, 2008). Petitioner's sentence should be reduced to 135 months of imprisonment.

Date: 3-6-, ___ 2008.

Respectfully Submitted,

Antonio Cerda Sosa

ANTONIO CERDA SOSA
REG # 04405-070
MVCC 555 I CORNELL DRIVE,
PHILIPSBURG, PA 16866

CERTIFICATE OF SERVICE

I, Antonio Cerda Sosa the petitioner acting pro se hereby certify that the foregoing reply petition to government's.response per petitioner's motion for modification of setence pursuant to U.S.C.S § 3582 (c)(2) is forwarded on this 3rd day of March, 2008 to the office of the clerk:

And deposit the same in the U.S.Postal Mail Box situated at Moshannon Valley Correctional Center 555 I Cornell Drive, Philipsburg, Pennsylvania 16866 with sufficient postage stamps to ensure delivery.

One copy of tyhe same motion is also forwarded to:

Robert Clark Corrente
United States Attorney

/s/ Stephen G. Dambruch
Stephen G. Dambruch
Assistant U.S. Attorney
50 Kennedy Plaza, 8th Floor
Providence, RI 02903

Respecfully Submitted,

Antonio Cerda Sosa

Antonis Cerda Sosa
Reg# 04405-070
555 I Cornell Drive,
Philipsburg, PA 16866